01

02

03

04

05

06          UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
07                   AT SEATTLE

08  DANNER F. BIRHAUS,                    )    CASE NO. C13-0571-MJP-MAT
                                          )
09          Plaintiff,                    )
                                          )
10    v.                                  )    REPORT AND RECOMMENDATION
                                          )    RE: SOCIAL SECURITY DISABILITY
11  CAROLYN W. COLVIN, Acting             )    APPEAL
    Commissioner of Social Security,      )
12                                        )
            Defendant.                    )
13  _____  )

14          Plaintiff Danner F. Birhaus proceeds through counsel in his appeal of a final decision of

15  the Commissioner of the Social Security Administration (Commissioner).   The Commissioner

16  denied plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an

17  Administrative Law Judge (ALJ).   Having considered the ALJ's decision, the administrative

18  record (AR), and all memoranda of record, the Court recommends this matter be AFFIRMED.

19                     **FACTS AND PROCEDURAL HISTORY**

20          Plaintiff was born on XXXX, 1955.[1]   He spent thirty-two years in the Army, completed

21

22          1 Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of
    Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case

REPORT & RECOMMENDATION
PAGE -1

01   college, and worked as a real estate agent/broker.   (AR 35, 65.)

02        Plaintiff filed an application for DIB in April 2010, alleging disability beginning

03   September 27, 2005.  (AR 138-41.)  Plaintiff remained insured for DIB through March 31,

04   2007 and, therefore, was required to establish disability on or prior to that "date last insured"

05   (DLI).   20 C.F.R. §§ 404.131, 404.321.   His application was denied initially and on

06   reconsideration, and he timely requested a hearing.

07        ALJ Stephanie Martz held a hearing on July 26, 2011, taking testimony from plaintiff

08   and a vocational expert.  (AR 28-69.)  On September 23, 2011, the ALJ rendered a decision

09   finding plaintiff not disabled.  (AR 16-22.)

10        Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review

11   on February 15, 2013 (AR 1-3), making the ALJ's decision the final decision of the

12   Commissioner.   Plaintiff appealed this final decision of the Commissioner to this Court.

13                         **JURISDICTION**

14        The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

15                         **DISCUSSION**

16        The Commissioner follows a five-step sequential evaluation process for determining

17   whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).   At step one, it

18   must be determined whether the claimant is gainfully employed.   The ALJ found plaintiff had

19   not engaged in substantial gainful activity since the alleged onset date of September 27, 2005

20   through his DLI of March 31, 2007.   At step two, it must be determined whether a claimant

21   suffers from a severe impairment.   The ALJ determined that, through the DLI, plaintiff did not

22

Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

01  have a severe impairment.   Having found as such, the ALJ did not proceed with the remainder

02  of the sequential evaluation.   She concluded plaintiff had not been under a disability through

03  March 31, 2007.

04       This Court's review of the final decision is limited to whether the decision is in

05  accordance with the law and the findings supported by substantial evidence in the record as a

06  whole.   *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).   Substantial evidence means

07  more than a scintilla, but less than a preponderance; it means such relevant evidence as a

08  reasonable mind might accept as adequate to support a conclusion.   *Magallanes v. Bowen*, 881

09  F.2d 747, 750 (9th Cir. 1989).   If there is more than one rational interpretation, one of which

10  supports the final decision, the Court must uphold that decision.   *Thomas v. Barnhart*, 278

11  F.3d 947, 954 (9th Cir. 2002).

12       Plaintiff argues the ALJ erred at step two and in the assessment of his credibility.   He

13  requests remand for further proceedings.   The Commissioner argues the ALJ's decision is

14  supported by substantial evidence and should be affirmed.   For the reasons described below,

15  the Court agrees with the Commissioner.

16       "'If a claimant is found to be "disabled" or "not disabled" at any step in the sequence,

17  there is no need to consider subsequent steps.'"   *Ukolov v. Barnhart*, 420 F.3d 1002, 1003 (9th

18  Cir. 2005) (quoting *Schneider v. Commissioner of the SSA*, 223 F.3d 968, 974 (9th Cir. 2000)).

19  An ALJ may, therefore, find a claimant not disabled at step two of the sequential evaluation

20  process.   *Schneider*, 223 F.3d at 974.   However, where an ALJ is unable to determine clearly

21  the severity of a claimant's impairments, the sequential evaluation should be continued.

22  Social Security Ruling (SSR) 85-28 and 96-3p.   *Compare Webb v. Barnhart*, 433 F.3d 683,

REPORT & RECOMMENDATION
PAGE -3

01 | 687 (9th Cir. 2005) (finding ALJ's reasons "not substantial enough" when balanced against

02 | contemporaneous observations of doctors, some objective tests and claimant's subjective

03 | complaints; noting "objective medical evidence demonstrating back pain, hypertension, knee

04 | pain, hip pain, visual disturbances, memory loss, diverticulitis, lack of sleep, difficulty

05 | performing physical tasks and lack of employment from 1991 through 1997."), *with Ukolov*,

06 | 420 F.3d at 1006 ("Because none of the medical opinions included a finding of impairment, a

07 | diagnosis, or objective test results, Ukolov failed to meet his burden of establishing disability.")

08 | At step two, a claimant must make a threshold showing that his medically determinable

09 | impairments significantly limit his ability to perform basic work activities. *See Bowen v.*

10 | *Yuckert*, 482 U.S. 137, 145 (1987) and 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work

11 | activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§

12 | 404.1521(b), 416.921(b). "An impairment or combination of impairments can be found 'not

13 | severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal

14 | effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.

15 | 1996) (quoting SSR 85-28). "[T]he step two inquiry is a de minimis screening device to

16 | dispose of groundless claims." *Id*. (citing *Bowen*, 482 U.S. at 153-54).

17 | An ALJ is also required to consider the "combined effect" of an individual's

18 | impairments in considering severity. *Id*. A diagnosis alone is not sufficient to establish a

19 | severe impairment. Instead, a claimant must show that his medically determinable

20 | impairments are severe. 20 C.F.R. §§ 404.1520(c), 416.920(c).

21 | In this case, the ALJ found that, through the DLI, plaintiff had the following medically

22 | determinable impairments (MDIs): headaches, status post right shoulder surgery, and sleep

01  apnea.  (AR 18.)   She noted that plaintiff also alleged pain in his back, left shoulder, left arm,

02  and knees.   She found, however, that those symptoms were not associated with MDIs prior to

03  March 31, 2007, because the record did not contain associated diagnoses from acceptable

04  medical sources based on objective medical findings, or even notable complaints of symptoms

05  prior to March 2007.  (AR 18.)   The ALJ concluded that, through the DLI, plaintiff did not

06  have an impairment or combination of impairments that significantly limited his ability to

07  perform basic work activities, and, therefore, no severe impairment or combination of

08  impairments at step two.   (AR 18-19.)

09                              Veteran's Affairs Rating

10         Plaintiff primarily takes issue with the ALJ's consideration of his Veteran's Affairs

11  (VA) disability rating.   The ALJ considered that rating as follows:

12         . . . I give little weight to [the VA] rating decision from 2009 [(AR 150-54)].   It
           is not entirely clear what level of compensation was awarded to the claimant
13         since the documents indicate both 90% and 40%.   However, there is no
           evidence that the claimant was awarded disability benefits prior to 2007.
14         Moreover, the Veteran's Affairs awarded compensation for impairments not
           alleged in the claimant's current Social Security application and denied
15         compensation for many of the impairments that he does currently allege,
           including sleep apnea, migraines, back pain, and neck pain.

16

17  (AR 21.)   The documents relied upon by the ALJ include a May 20, 2009 letter from the Army

18  reflecting a total combat-related disability of forty-percent as of October 2008, and a May 4,

19  2009 letter from the VA reflecting a ninety-percent disability rating effective April 1, 2009.

20         Plaintiff maintains the ALJ conceded ambiguity in the evidence regarding the VA

21  rating, thereby necessitating further development of the record.  *See Tonapetyan v. Halter*, 242

22  F.3d 1144, 1150 (9th Cir. 2001) ("The ALJ in a social security case has an independent duty to

REPORT & RECOMMENDATION
PAGE -5

01  fully and fairly develop the record and to assure that the claimant's interests are considered.";

02  "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for

03  proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate

04  inquiry.'").  He also challenges the ALJ's statement that there was no evidence of a disability

05  award prior to 2007, noting his testimony at hearing that he had a thirty-percent disability rating

06  in April 2000.  (AR 36.)  He maintains this testimony contradicts the ALJ's conclusion and

07  should have prompted an inquiry to determine whether or not the benefits granted later "might

08  be based on conditions existing prior to 2008."  (Dkt. 13 at 5.)

09  Plaintiff also points to documentation in the record he maintains supports the existence

10  of disability evaluations conducted for the VA in April 2006 and September 2005.  (AR 229,

11  236, 237.)  He posits:  "Presumably there was also some determination of disability rating

12  which arose from those evaluations."  (Dkt. 13 at 6.)  Plaintiff argues the ALJ had a duty to

13  further develop the record to determine if the 2008 and 2009 disability ratings "were the result

14  of the prior evaluations or from some later application and pertaining to a later period[,]"

15  adding:  "Importantly, up to January 2010, no other disability examinations are noted in [his]

16  VA 'Health Summaries.'"  (*Id.* (citing AR 235-37).)  He maintains he was denied a "full and

17  fair opportunity to present his case."  (Dkt. 13 at 6.)

18  An ALJ must ordinarily give "great weight" to a VA determination of disability.

19  *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).  However, a VA rating is not

20  conclusive.  *McLeod v. Astrue*, 640 F.3d 881, 886 (9th Cir. 2011).  "Because the VA and SSA

21  criteria for determining disability are not identical," the ALJ "may give less weight to a VA

22  disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by

REPORT & RECOMMENDATION
PAGE -6

01   the record." *McCartey*, 298 F.3d at 1076.  "In some circumstances, the VA may assign a

02   partial rather than a total disability rating to a veteran, and a partial disability rating might cut

03   against rather than in favor of an SSA determination that the individual could not perform

04   remunerative work of any kind."  *McLeod*, 640 F.3d at 886.  For the reasons discussed below,

05   plaintiff fails to demonstrate any error in the ALJ's consideration of the VA rating.

06        Plaintiff's reliance on his testimony at hearing is unavailing.   Plaintiff testified:

07        When I got out of the Service [in April 2000], I was rated 30 percent disabled
           from VA with the option of fighting more.   Right now, I'm at 90 percent, so it's

08        been a fight for the last ten years to get to 90 percent, which I'm up for 100 right
           now.   When I got out of the Service, they took me through a lot of tests and stuff

09        to see what I could do and all that and basically, the only thing I could come up
           with, was real estate agent at the time, which I took the test and became a broker

10        and everything, and that was May 2000 I started real estate.

11   (AR 36.)   Rather than supporting a conclusion of disability at an earlier date, plaintiff's

12   testimony reflects he was deemed able to work at the time he left military service.   Indeed, as

13   the ALJ observed in the decision, plaintiff's impairments did not prevent him from engaging in

14   work activities following his retirement from the military.   (AR 20.)

15        Nor does plaintiff support the contention that the ALJ found an ambiguity or

16   inadequacy in the evidence necessitating further development of the record.  *See Tonapetyan*,

17   242 F.3d at 1150.   At most, the ALJ observed a disparity in the evidence as to ratings assessed.

18   Although not acknowledged by the ALJ, plaintiff provided an explanation for the two different

19   ratings at hearing, stating the October 2008 forty-percent rating came from the Army and the

20   ninety-percent May 2009 rating came from the VA.   (AR 48.)   In any event, it remains that the

21   ALJ accurately noted that the VA rating came well after the March 31, 2007 DLI.

22        In addition, rather than finding the record inadequate, the ALJ accurately noted the

01   absence of any evidence of an award of disability benefits prior to the DLI.   At hearing, the

02   ALJ reviewed the evidence to be admitted and confirmed with counsel that the record was

03   complete.   (AR 32.)   The ALJ also discussed the April 2006 evidence pointed to by plaintiff,

04   as well as medical evidence dated in September 2005.   (*See* AR 20 (considering April 2006

05   records at AR 229-31 and September 2005 record at AR 428).)   Plaintiff's speculation that

06   "presumably" other records exist does not demonstrate the ALJ failed in her duty or support the

07   need for a remand.   Plaintiff bears the burden of proving disability.   *Meanel v. Apfel*, 172 F.3d

08   1111, 1113 (9th Cir. 1999).   Yet, even now, plaintiff presents no missing records or other

09   evidence to support a remand.

10       This is not an instance in which the ALJ failed to inquire into a VA rating.   *See*

11   *McLeod*, 640 F.3d at 886, 888 ("[W]hen the record suggests a likelihood that there is a VA

12   disability rating, and does not show what it is, the ALJ has a duty to inquire.").   Instead, the VA

13   disability rating was part of the record, the record was adequate to allow for proper evaluation

14   of the claim, and the "duty to inquire further did not arise."   *Chaudhry v. Astrue*, 688 F.3d 661,

15   669-70 (9th Cir. 2012).   It is further relevant to the Court's analysis that plaintiff was

16   represented at hearing.   *Id*. ("[U]nlike in *McLeod*, the ALJ's duty to be especially diligent in

17   the case of an unrepresented claimant did not apply. Under these circumstances, the ALJ

18   conducted the 'full and fair hearing' required.") (cited source omitted).

19       The ALJ, in sum, reasonably pointed to the absence of any evidence of a disability

20   award prior to the DLI.   She also noted that the VA rating accounted for impairments not

21   alleged in the DIB application, while denying compensation for other impairments alleged.

22   (AR 21.)   The ALJ, therefore, provided persuasive, specific, and valid reasons for giving little

01   weight to the VA rating evidence. *McCartey*, 298 F.3d at 1076.   Plaintiff fails to demonstrate

02   any error in the ALJ's consideration of the evidence from the VA.

03   <u>Step Two Generally and Credibility Assessment</u>

04        Plaintiff also briefly raises two other arguments.  (Dkt. 13 at 7-8.)  He argues the

05   evidence presented in relation to his various impairments indicates error in the ALJ's

06   determination he had no severe impairments or combination of impairments prior to the DLI.

07   He also maintains error in the credibility finding, asserting the failure to develop the record at

08   step two resulted in a credibility determination based mostly on a lack of evidence to support

09   the claimed limitations.

10        As stated above, a step two severity finding requires a showing that a MDI significantly

11   limits a claimant's ability to perform basic work activities, *see Bowen*, 482 U.S. at 145, and 20

12   C.F.R. § 404.1520(c), and requires consideration of the combined effect of an individual's

13   impairments, *Smolen*, 80 F.3d at 1290.   A step two severe impairment must result from

14   anatomical, physiological, or psychological abnormalities which can be shown by medically

15   acceptable clinical and laboratory diagnostic techniques, and established by medical evidence

16   consisting of signs, symptoms, and laboratory findings, not only by the claimant's statement of

17   symptoms.  § 404.1508.  *Accord Ukolov*, 420 F.3d at 1005 ("'under no circumstances'" may

18   an impairment be established based on symptoms alone) (quoting SSR 96-4p).

19        The rejection of a claimant's credibility requires the provision of clear and convincing

20   reasons.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).   "General findings are

21   insufficient; rather, the ALJ must identify what testimony is not credible and what evidence

22   undermines the claimant's complaints."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).

01   "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness,

02   inconsistencies either in his testimony or between his testimony and his conduct, his daily

03   activities, his work record, and testimony from physicians and third parties concerning the

04   nature, severity, and effect of the symptoms of which he complains."   *Light v. Social Sec.*

05   *Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

06        In this case, the ALJ found that while, currently, plaintiff's MDIs could reasonably

07   produce many of the symptoms alleged, the testimony concerning the intensity, persistence,

08   and limiting effects of those symptoms prior to March 31, 2007 was not credible.   (AR 19.)

09   The ALJ also found the objective medical record not consistent with plaintiff's allegations in

10   showing that, prior to March 2007, plaintiff's MDIs did not cause more than mild limitations in

11   plaintiff's abilities to perform basic work activities.   (AR 20.)   As reflected below, she

12   pointed to a variety of factors as supporting her conclusions.   (AR 20-21.)

13        With regard to headaches, the ALJ noted that the medical record prior to the DLI

14   showed only minimal complaints and an absence of consistent treatment, and also pointed to

15   specific contradictory evidence.   *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006)

16   (ALJ may consider a claimant's inconsistent or non-existent reporting of symptoms); *Meanel v.*

17   *Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (ALJ may consider evidence of minimal,

18   conservative treatment); *Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1161 (9th Cir. 2008)

19   ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's

20   subjective testimony."); and SSR 96-7p ("One strong indication of the credibility of an

21   individual's statements is their consistency, both internally and with other information in the

22   case record.")   Similarly, with regard to sleep apnea and associated fatigue, the ALJ pointed to

01    the fact that plaintiff received treatment and made few, if any, complaints prior to the DLI. *See*

02    *id*.   The ALJ also appropriately considered the fact that plaintiff was able to work with both the

03    alleged headaches and sleep apnea, and the absence of any evidence his conditions worsened

04    after he left active military duty. *See Smolen*, 80 F.3d at 1284 (ALJ may consider claimant's

05    work history in evaluating credibility); *Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir. 1992)

06    ("She was able to hold two previous jobs with a fair amount of success, and even if those

07    particular jobs are, as she claims, too taxing for her, the vocational counselor testified that she is

08    qualified for thousands of less strenuous jobs.").

09        With regard to the alleged shoulder pain, the ALJ reiterated the absence of any evidence

10    of a MDI in plaintiff's left shoulder prior to the DLI.   The ALJ had previously noted the

11    absence of any associated diagnoses from acceptable medical sources based on objective

12    medical findings, or even notable complaints of symptoms prior to the DLI. *See* 20 C.F.R. §

13    404.1508 (signs, symptoms, and laboratory findings required for step two finding); *Ukolov*, 420

14    F.3d at 1005-06 (noting SSR 96-6p "provides that a medical opinion offered in support of an

15    impairment must include 'symptoms [and a] *diagnosis*.'") (emphasis in original); and *Greger*,

16    464 F.3d at 972 (inconsistent or non-existent reporting of symptoms).   In relation to plaintiff's

17    right shoulder, the ALJ pointed to contradictory medical evidence in the record, as well as

18    plaintiff's own report, in November 2006, that he had no decline in functional activity and

19    remained very active (AR 292). *See Carmickle*, 533 F.3d at 1161 (contradictory evidence);

20    and *Smolen*, 80 F.3d at 1284 (ALJ may consider prior inconsistent statements concerning the

21    symptoms).

22        The ALJ also found plaintiff's knee and back problems not associated with MDIs prior

REPORT & RECOMMENDATION
PAGE -11

01     to the DLI given the absence of associated diagnoses or notable complaints of symptoms. *See*

02     § 404.1508; *Ukolov*, 420 F.3d at 1005-06; and *Greger*, 464 F.3d at 972.   In further addressing

03     plaintiff's knee symptoms, the ALJ found the medical evidence inconsistent with his claim and

04     reflecting the absence of any complaints of significant knee pain until after the DLI. *See id*.

05     Likewise, the ALJ found no mention or complaints of back pain or treatment for back pain

06     during the relevant time period. *See id*. and *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir.

07     2005) ("The ALJ is permitted to consider lack of treatment in his credibility determination.")

08         Finally, the ALJ gave little weight to the VA rating evidence, and no weight to a 2011

09     medical opinion, finding the latter based on plaintiff's current functioning and not addressing

10     the period prior to the DLI.   (AR 21.)   Plaintiff does not challenge the ALJ's consideration of

11     the medical opinion evidence and fails to demonstrate error in the VA evidence for the reasons

12     stated above.

13         "[T]he ALJ is responsible for determining credibility, resolving conflicts in medical

14     testimony, and for resolving ambiguities." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.

15     1998) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).   *Accord Carmickle*, 533

16     F.3d at 1164; *Thomas*, 278 F.3d at 956-57.   The ALJ must support his findings with "specific,

17     cogent reasons." *Reddick*, 157 F.3d at 722 (citing *Rashad v. Sullivan*, 903 F.2d 1229, 1231

18     (9th Cir. 1990)).   When evidence reasonably supports either confirming or reversing the ALJ's

19     decision, we may not substitute our judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d

20     1094, 1098 (9th Cir. 1999).   *Accord Morgan v. Commissioner of the SSA*, 169 F.3d 595, 599

21     (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is

22     the ALJ's conclusion that must be upheld.") (citing *Andrews*, 53 F.3d at 1041).

REPORT & RECOMMENDATION
PAGE -12

01      The ALJ's decision includes a thorough examination of the medical evidence of record

02  as related to plaintiff's impairments, and, contrary to plaintiff's contention, reveals no error at

03  step two or in the assessment of his credibility.   Because the ALJ's consideration of the

04  evidence was rational, her step two and credibility findings should be upheld.

05                                    CONCLUSION

06      For the reasons set forth above, this matter should be AFFIRMED.

07      DATED this 16th day of October, 2013.

08

09                                        _____
                                          Mary Alice Theiler
10                                        Chief United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

REPORT & RECOMMENDATION
PAGE -13